UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |
|---|---|
| JAMES JOSEPH JULUKE, JR., )<br>an individual, )<br> )<br>    Plaintiff, )<br>v. )<br> )<br>HAPPY SUNDAY, INC., )<br>A Texas Corporation, )<br>and )<br>SMITH J. WAYNE, )<br>an Individual, )<br> )<br>    Defendants. )<br>_____ ) | Case No.: |

## COMPLAINT

Plaintiff, JAMES JOSEPH JULUKE, JR. through his undersigned counsel, hereby files this Complaint and sues HAPPY SUNDAY, INC., a Texas Corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code Ann. § 121.001 *et seq.*, (Chapter 121) and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"), and Tex. Hum. Res. Code Ann. § 121.001 *et seq*. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the

Defendant's Property, which is the subject of this action, is located in Dallas County, Texas.

3. Plaintiff, JAMES JOSEPH JULUKE, JR. (hereinafter referred to as "MR. JULUKE" or "Plaintiff"), is a resident of the State of Texas in Dallas County.

4. MR. JULUKE is a qualified individual with a disability under the ADA. In 1994, MR. JULUKE suffered an injury to his spinal cord resulting in trauma to his T-10 vertebrae. MR. JULUKE is a paraplegic and is disabled.

5. MR. JULUKE's disability, at all times material hereto, impairs his ability to walk, stand and bend, all major life activities, and requires him to use a wheelchair to ambulate.

6. Defendant, HAPPY SUNDAY, INC., a Texas Corporation (hereinafter referred to as "Happy Sunday" or collectively as "Defendants"), is registered to do business in the State of Texas. Upon information and belief, Happy Sunday is the operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as "Dairy Queen", generally located at 6310 Broadway Blvd., Garland, Texas 75043.

7. Defendant, Smith J. Wayne, an Individual (hereinafter referred to as "Mr. Wayne" or or collectively as "Defendants")  is the owner of the real property and improvements which are the subject of this action, to wit: the "Property," known as "Dairy Queen", generally located at 6310 Broadway Blvd., Garland, Texas 75043.

8. All events giving rise to this lawsuit occurred in the Northern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

9. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

10. The Property, a restaurant, is open to the public and provides goods and services

to the public.

11. Plaintiff visited the Property and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

12. During his visits, MR. JULUKE experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

13. MR. JULUKE continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

14. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

    A. Plaintiff encountered inaccessible disabled use parking due to access aisles with improper dimensions;

    B. Plaintiff encountered inaccessible parking designated as accessible due to excessive slopes and pavement in disrepair within the parking space and its access aisle;

    C. Plaintiff encountered an inaccessible entrance due to a ramp with excessive slopes leading to the door which also lacks handrails and edge protection; and

    D. Plaintiff encountered an inaccessible restroom due to a lack of grab bars, a

lack of knee clearance under the sink, a lack of turning space at the entrance, and amenities such as the mirror mounted too high.

15.   To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.   Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.   Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendants.

18.   Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.   The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## COUNT II
## (VIOLATION OF CHAPTER 121 OF THE TEXAS HUMAN RIGHTS CODE)

20.   Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

22.   Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society. Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully

enjoy and use all public facilities available within the state." Tex. Hum. Res. Code Ann. §121.001.

23. Chapter 121.003 (d)(1) prohibits any failure to comply with Article 9102 of the Texas Civil Statues, which is identical to the federal regulations controlling the ADA known as the ADA Accessibility Guidelines (ADDAG).

24. Further, each violation of Chapter 121.004(b) provides for a conclusive presumption of damages of least $100 to the person with a disability.

25. Defendants' barriers to access as discussed herein have denied and continue to deny, the Plaintiff the opportunity to equally participate in or benefit from the goods, services, and accommodations afforded to other individuals, thus violating Chapter 121.Tex. Hum. Res. Code Ann, § 121.001, and entitling Plaintiff to injunctive and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned, leased, and/or operated by Defendants is in violation of the ADA;

B. That the Court enter an Order directing Defendants to alter their facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete

   corrective procedures;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

F. That this Court issue a Declaratory Judgment that the Defendants have violated the Chapter 121 of the Texas Human Resources Code.

G. That this Court orders the Defendants to alter the aforesaid premises to make such facilities accessible to and usable by individuals with disabilities to the extent required by the Chapter 121 of the Texas Human Resources Code.

H. That this Court award Plaintiff Statutory damages from the Defendants pursuant to Chapter 121 of the Texas Human Resource Code.

I. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

       Respectfully Submitted,

    By: */s/ Jeff A. Wells*
      Jeff A. Wells, Esq.
      Texas Bar No. 24056511
      Local Counsel
      Wells Crosland, PLLC
      12225 Greenville Ave., Suite 700
      Dallas, Texas 75243
      Phone: (214) 810-5529
      Fax: (866) 277-4589
      jeff@wellscrosland.com

and

Louis I. Mussman, Esq.
Florida Bar No. 597155
Ku & Mussman, P.A.
12550 Biscayne Blvd., Suite 406
Miami, FL 33181
Tel: (305) 891-1322
Fax: (305) 891-4512
Louis@KuMussman.com

*Attorneys for Plaintiff*